United States District Court
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
v.

Edwin Amaya-Sanchez

ORDER OF DETENTION PENDING TRIAL

Case Number: CR16-403

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 18 2016 ★
LONG ISLAND OFFICE

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

___ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a [federal offense] (State or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ___ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ___ an offense for which the maximum sentence is life imprisonment or death.
  ___ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ___ a felony that was committed after the defendant had been convicted of two or more prior federal offense described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

___ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

___ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

___ (4) The defendant has not rebutted the presumption established by finding Nos.(1), (2) and (3) that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.

### Alternative Findings (A)

___ (1) There is probable cause to believe that the defendant has committed an offense
  ___ for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. §_____
  ___ under 18 U.S.C. §924(c).

___ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a *preponderance of the evidence/clear and convincing evidence* that no conditions will reasonably assure *defendant's appearance/the safety of the community* because
  ___ defendant lacks substantial ties to the community.
  ___ defendant is not a U.S. citizen and an illegal alien.
  ___ defendant has no stable history of employment.
  ___ defendant presented no credible sureties to assure his appearance.
    ___ but leave is granted to reopen and present a bail package in the future.
  ___ defendant's family resides primarily in _____

detained on consent, without prejudice to a future bail application.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: Aug. 18, 2016
Central Islip, New York

UNITED STATES MAGISTRATE JUDGE